NEWTON E. MILLER, PLAINTIFF-APPELLANT, CROSS-RE-
SPONDENT, v. MUNICIPAL COUNCIL OF THE TOWN-
SHIP OF WAYNE AND THE TOWNSHIP OF WAYNE,
A MUNICIPAL CORPORATION OF THE STATE OF NEW
JERSEY, DEFENDANTS-RESPONDENTS, CROSS-APPEL-
LANTS, AND WAYNE POLICEMEN'S BENEVOLENT AS-
SOCIATION, LOCAL NO. 136, DEFENDANT-INTERVENOR
RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 4, 1976—Decided February 27, 1976.

Before Judges ALLCORN, KOLE and KING.

*Mr. Leon S. Consales* argued the cause for the appellant.

*Mr. Michael S. Meisel* argued the cause for the municipal respondents (*Messrs. Cole, Berman & Belsky,* attorneys).

*Mr. Lawrence A. Whipple, Jr.* argued the cause for the intervenor respondent.

The opinion of the court was delivered by

ALLCORN, J. A. D. ■ However broad may be the authority of the mayor of a municipality adopting and governed under mayor-council plan F of the Optional Municipal Charter Law, *N. J. S. A.* 40:69A–1 *et seq.,* such authority does not extend to the establishment or pursuit of matters of municipal policy contrary to or in negation of those established by the governing body of the municipality by ordinances lawfully adopted — here, ordinances fixing salaries, wages and other terms and conditions of employment of one group of municipal employees. Nor is the mayor invested with such authority by virtue of any other statutory provision (including the New Jersey Employer-Employee Relations Act *N. J. S. A.* 34:13A–1, et seq., as amended in 1974) or rule of law to which plaintiff has directed our attention or which our own research has disclosed. See *Train v. City of New York,* 420 *U. S.* 35, 95 *S. Ct.* 839, 43 *L. Ed.* 2d 1 (1975).

■ So far as concerns the counsel fees and expenses incurred by plaintiff mayor in the prosecution of this matter, neither the Law Division nor this court is empowered to award any such fees or expenses absent express authorization by statute or by rule of court. *R.* 4:42–9; *Gerhardt v. Continental Ins. Cos.,* 48 *N. J.* 291, 301 (1966). For the same reasons, no allowance for counsel fees or expenses may be made to the municipal defendants, except for the costs customarily taxed by the clerk in favor of the prevailing party or parties, *R.* 2:11–5; *R.* 4:42–8.

Accordingly, the judgment of the Law Division is affirmed.